# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

|   |   |   |
|---|---|---|
| RONNIE MATTHEW COUSINS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:15-cv-01505 |
| JUSTIN R. ARONSON, | ) | |
| Defendant. | ) | |

### Memorandum Opinion

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment.

On July 12, 2012, Justin R. Aronson ("Defendant"), who was then a sergeant with the Chesterfield County Police Department, was dispatched to the scene of a hit and run accident. At the scene, Defendant found an injured woman named Tenisha Towns ("Towns"), who reported that her black, male friend had crashed into a guardrail and then left her on the side of the road after the crash while he fled north in the car.

While Defendant spoke with Towns, he observed that her cell phone was ringing continuously. Towns identified the caller as her male friend who had just been driving the vehicle that had crashed into the guardrail. She allowed Defendant to answer one

of the calls, but the caller refused to speak with Defendant. Towns gave the caller's phone number to Defendant.

After an ambulance arrived to transport Towns to a hospital to care for the head-wound she received in the crash, Defendant returned to his squad car. He overheard the ambulance driver on the radio reporting a wrecked, abandoned car less than a quarter of mile north of the crash scene. Towns had reported that the driver had left in that same direction.

Defendant drove north in the direction reported by the ambulance driver until he found an abandoned car with a heavily damaged front end. While waiting for a tow truck for the car, Defendant requested that other patrol officers set up a loose perimeter to search the area for anyone who appeared injured or fleeing the scene. One of the officers on patrol found a black male, later identified as Ronnie Matthew Cousins ("Plaintiff"), walking along the road in the same vicinity.

The officer detained Plaintiff. Upon arriving at the intersection where Plaintiff was detained, Defendant asked the dispatcher to call the number Towns had provided him for the driver of the vehicle. The dispatcher called the number, and a phone in Plaintiff's pocket started ringing. Defendant arrested Plaintiff for felony hit and run. After reading Plaintiff his Miranda rights, Defendant invited Plaintiff to participate in several voluntary field sobriety tests and a preliminary breath

2

test ("PBT"). Plaintiff consented to the tests and failed all of them. The PBT revealed that the alcohol content in his body was 0.103, which is over Virginia's limit of 0.08.

Based on Defendant's sworn statements, a magistrate found probable cause that Plaintiff committed four crimes: felony hit and run in violation of § 46.2-894, unauthorized use of a motor vehicle in violation of § 18.2-102, driving under the influence in violation of § 18.2-266, and driving with a suspended license in violation of § 46.2-301. The magistrate issued a warrant for each crime, and Defendant served the warrants on Plaintiff.

On the misdemeanor charges for driving under the influence and driving with a suspended license, Plaintiff stipulated to the sufficiency of the evidence. A grand jury indicted Plaintiff for felony hit and run and felony unauthorized use of a vehicle. After being found guilty at trial on all four charges, Plaintiff unsuccessfully appealed his convictions to the Virginia Court of Appeals. The Supreme Court of Virginia denied his petition for appeal.

On December 14, 2015, Plaintiff filed the present action under 42 U.S.C. § 1983. Plaintiff alleges that Defendant, who is now a lieutenant with the Chesterfield County Police Department, violated Plaintiff's Fourth Amendment rights. Plaintiff argues that his Fourth Amendment rights were violated because Defendant lacked probable cause to arrest him. In a handwritten Complaint

to this Court, Plaintiff states that he is suing for false arrest, defamation, wrongful imprisonment, pain and suffering, mental distress, and emotional distress. Defendant moved for summary judgment on November 17, 2016.

Under Federal Rule of Civil Procedure 56, a court should grant summary judgment if the pleadings and evidence show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made, the opposing party has the burden to show that a genuine dispute of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

To succeed on a § 1983 claim, a plaintiff must prove that his constitutional rights were violated by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). If an arrest is made without probable cause, the arrest violates a person's Fourth Amendment rights and constitutes false arrest. See Miller v. Prince George's Cty., MD, 475 F.3d 621, 627 (4th Cir. 2007). There is probable cause to arrest if based on the totality of circumstances the arresting officer reasonably

4

believed that the suspect had committed the crime. See Ralph v. Pepersack, 335 F.2d 128, 132 (4th Cir. 1964). If probable cause exists to arrest the suspect, the officer may ask questions and gather information regarding crimes not initially supported with probable cause. See Sevigny v. Dicksey, 846 F.2d 953, 958 (4th Cir. 1988).

Here, while there is no question that Defendant was acting under color of law, Plaintiff has failed to prove that Defendant violated Plaintiff's constitutional rights. As long as Defendant had a reasonable belief that Plaintiff committed the suspected crime, Defendant did not violate Plaintiff's rights. Defendant had a reasonable belief that Plaintiff committed felony hit and run. He spoke with an eye-witness to the crash—Tenisha Towns—who had provided a physical description of the driver and the cell phone number of the driver. Shortly thereafter, and in the same direction that Towns said the driver had fled, Defendant found a car with heavy front-end damage that could have been caused from crashing into a guardrail. In the same vicinity, Defendant found a man who matched the description provided by Towns and observed the driver's cell phone ring in Plaintiff's pocket. Based on these facts, Defendant had a reasonable belief that Plaintiff committed felony hit and run. Thus, Defendant had probable cause to arrest Plaintiff without a warrant.

Plaintiff incorrectly argues that his warrantless arrest violated his rights because Defendant lacked probable cause to arrest for the misdemeanors. This argument misstates the facts because Plaintiff was arrested for felony hit and run, not for either of the misdemeanors. The misdemeanor charges resulted from Plaintiff's voluntary admissions and voluntary consent to the PBT and field sobriety tests, which he failed. However, the law is well-established that a police officer may use a lawful arrest to ask questions and gather information related to other crimes that were not originally supported with probable cause. Thus, Plaintiff has failed to prove the elements of a § 1983 claim.

Furthermore, even assuming *arguendo* that the arrest was unlawful, Defendant is entitled to qualified immunity. A police officer is immune from civil liability unless he reasonably should have known that his actions violated clearly established constitutional rights. Rowland v. Perry, 41 F.3d 167, 172 (4th Cir. 1994). The officer must be on notice that his conduct is unlawful. Miller, 475 F.3d at 631. As explained above, it was objectively reasonable for Defendant to conclude that Plaintiff had committed felony hit and run based on the facts Defendant knew at the time. Even if Defendant had been wrong in concluding that probable cause existed to arrest Plaintiff, Defendant was not on notice that arresting Plaintiff would violate clearly

established law. Thus, Defendant enjoys qualified immunity from civil liability for his actions.

For the foregoing reasons, Plaintiff cannot succeed on any of his claims. Thus, Defendant's Motion for Summary Judgment on all claims should be GRANTED. An appropriate order shall issue.

*Claude M. Hilton*
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
January _16_, 2017